STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES, WELFARE DIVISION, APPELLANT, *v.* HAROLD KENNETH SHIVELY, RESPONDENT.

No. 24523

March 30, 1994                                       871 P.2d 355

*Frankie Sue Del Papa,* Attorney General, and *Martha Shaffer,* Deputy Attorney General, Carson City, for Appellant.

*Joseph W. Houston, II,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On March 7, 1988, respondent Harold Kenneth Shively ("Shively") sought Medicaid benefits for his mother, Grace Shively ("Grace"), from appellant State of Nevada, Department of Human Resources, Welfare Division ("NSWD"). Shively was acting as Grace's personal representative. On the application, Shively represented that his mother had not transferred any of her personal assets during the prior twenty-four-month period. NSWD determined that Grace was eligible for Medicaid and commenced paying her benefits.

On August 26, 1988, a confidential source informed NSWD that Grace had transferred approximately $39,000 from her Dean Witter account to Shively. Pursuant to federal regulation and state law, NSWD notified Shively that it suspected the funds were transferred in an effort to understate Grace's financial condition and obtain Medicaid eligibility. NSWD afforded Shively an opportunity to alleviate this suspicion by proving that the funds had not been improperly transferred. Dissatisfied with Shively's response, NSWD decided to terminate benefit payments. Thereafter, a formal hearing was held in administrative court.

On November 6, 1990, the hearing officer issued a decision affirming NSWD's right to terminate benefits. After numerous attempts to recoup the monies paid, NSWD filed legal claims against Shively in district court on June 3, 1992. NSWD alleged that Shively fraudulently obtained Medicaid eligibility for his mother when he misrepresented Grace's financial status on the application form. NSWD sought to recover the benefits it paid to Grace as a result of this alleged misrepresentation.

Shively moved for summary judgment, claiming that the statute of limitations had run on NSWD's cause of action for fraud. Shively asserted that NSWD's claim accrued on August 26, 1988, when it received information regarding the asset transfer. Therefore, when NSWD filed its complaint on June 3, 1992, the three-year statute of limitations period had expired. The district court held in favor of Shively and summarily dismissed NSWD's complaint.

NSWD appeals and asserts several different claims of error committed by the district court. Specifically, NSWD argues that the statute of limitations applicable to its legal claim for relief was tolled while the litigants were trying to obtain an administrative solution to the underlying dispute. We agree and accordingly reverse the district court's summary judgment order.

In accordance with federal regulations and state Medicaid administration statutes, NSWD was required to notify Shively regarding the suspect asset transfer and its ultimate decision to terminate benefits. NRS 422.294; *see also* 45 C.F.R. § 205.10 (1992). Moreover, NSWD could not discontinue benefits or recoup any monies paid before the recipient had a formal hearing in an administrative forum. NRS 422.294 *et seq.* In fact, NSWD continued to pay benefits until the hearing officer rendered a decision affirming the right to terminate.

In light of these facts, we conclude that NSWD cannot now be penalized for pursuing an administrative resolution to its dispute with Shively. During the pendency of the administrative process, the limitations period with respect to NSWD's legal cause of action was tolled.

While Nevada has not specifically addressed this issue, decisions from other jurisdictions recognize this sound principle. For example, in Myers v. County of Orange, 86 Cal.Rptr. 198 (Ct.App. 1970), the trial court found that a one-year claims limitations statute on plaintiff's wrongful termination claim had expired, even though the plaintiff had previously pursued an administrative remedy. On appeal, plaintiff argued that the limitations period was tolled while she sought review of the same employment termination dispute with the Retirement Board of the County of Orange. The California Court of Appeals agreed. The court held that even where exhaustion of administrative remedies was not a prerequisite to filing suit, the limitations period was tolled while plaintiff was entrenched in the administrative process. The court reasoned that the law favored resolution of disputes in the administrative forum and that the plaintiff should not have the "clock of limitations tick in his ear" while pursuing administrative action:

> When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the other while he is thus pursuing the one[.]

*Id.* at 203-04; *see also* Zipes v. Transworld Airlines, 455 U.S. 385 (1982) (timely filed administrative claim tolls limitations period of second action filed in federal court); Campbell v. Graham-Armstrong, 509 P.2d 689, 694 (Cal. 1973).

As evidenced by the foregoing authorities, it does not make sense for NSWD to lose its cause of action simply because it was pursuing, and was required to pursue, administrative remedial action. Policy and equitable considerations support our rationale. For example, the concerns alleviated by traditional statute of limitations law simply do not apply. The defendant is not caught

off guard when faced with legal claims for relief that were just examined in the administrative process. The administrative process puts the defendant on notice that his actions are in dispute and may spur additional and separate legal battling.

We conclude that the limitations period applicable in the instant case was tolled while the litigants were entrenched in the administrative process. After learning of the suspect transfer of funds, NSWD exercised its obligation to notify Shively of the impending threat to the continued payment of benefits.[1] *See* 45 C.F.R. § 205.10(a)(4)(iv) (1992) (welfare agency must provide notice to recipient when agency obtains facts indicating that assistance should be discontinued because of suspected fraud). At the point of notification, NSWD engaged the administrative process and sought an informal resolution of its dispute with Shively. This process concluded when the hearing examiner reached a decision on November 6, 1990. During this entire time, NSWD continued to pay benefits. Thus, even assuming that NSWD realized its fraud cause of action on August 26, 1988, such an assumption was not fatal to NSWD's legal claims for relief. In light of the administrative tolling period, the three-year statute of limitations applicable to NSWD's fraud cause of action had not expired when NSWD filed its complaint on June 3, 1992.[2]

Accordingly, we reverse the district court's summary judgment order and remand for further proceedings consistent with this decision. Having decided that the limitations period was tolled during administrative process, we need not address NSWD's other contentions of error.

---

[1]The record reflects that NSWD officially notified Shively of the suspect asset transfer sometime before March 1, 1989. Although the precise notification date is not specifically memorialized in the record, Shively was given until March 1, 1989, to rebut NSWD's presumption that the asset transfer was for the improper purpose of obtaining Medicaid eligibility.

[2]In accordance with NRS 11.190(3)(d), an action for fraud must commence within three years from the date the aggrieved party discovers the facts constituting fraud.