Larry M. WISENBAKER, Plaintiff,

v.

Craig FARWELL, et al., Defendants.

No. CVN030500LRHVPC.

United States District Court,
D. Nevada.

Sept. 29, 2004.

Brian Morris, Brian R. Morris, Reno, NV, for Plaintiff.

Daniel Wong, Nevada Attorney General's Office, Carson City, NV, for Defendants.

## ORDER

HICKS, District Judge.

Currently before the Court is Defendants' Motion to Dismiss (Docket No. 8). Plaintiff filed an Opposition (Docket No. 12), and Defendants filed a Reply (Docket No. 13). Having reviewed the record and researched the applicable law, the Court determines that Defendants' Motion to Dismiss will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Larry M. Wisenbaker ("Plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") in Lovelock, Nevada. The following parties are defendants in this action: Craig Farwell, Jackie Crawford, and the NDOC (collectively, "Defendants"). Mr. Farwell is a Warden for the NDOC, and Jackie Crawford is its Director.

In considering Defendants' motion to dismiss, the Court views the facts in the light most favorable to the non-moving party. *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998). Plaintiff alleges the following facts: On January 3, 2001, while Plaintiff was in his cell, he was attacked and stabbed multiple times by another inmate, leading to Plaintiff's suffering permanent injuries. After the attacker left, Plaintiff remained locked in his cell, and, although he requested medical help, those requests were ignored by one or more unknown correctional officers. The attacker was later allowed to reenter Plaintiff's cell and attack Plaintiff once more. He did not receive medical attention until a new set of guards came on duty. Plaintiff has brought a cause of action pursuant to 42 U.S.C. § 1983, claiming that the acts and omissions of the prison staff during this occurrence violated his civil rights.

As a result of his injuries and the alleged misconduct by prison employees, on November 26, 2002, Plaintiff filed a grievance pursuant to NDOC's Administrative Regulation 740. Nev. Dep't of Corrections, Admin. Reg. No. 740 [hereinafter A.R.]. He exhausted his administrative remedies on March 25, 2003. On December 16, 2002, while he was still pursuing his administrative remedies, Plaintiff, acting *pro se,* filed duplicate § 1983 claims in state and federal court. Defendants removed the state action to federal court, and the duplicative federal case was voluntarily dismissed. On August 16, 2003, the court dismissed without prejudice Plaintiff's original claim on the grounds that he had failed to exhaust his administrative remedies before filing the initial judicial action as required by 42 U.S.C. § 1997e. On September 11, 2003, Plaintiff filed the present action, which is apparently based on the same cause of action and circumstances as the previously dismissed lawsuit.

The current dispute between the parties revolves around whether Plaintiff's action should be barred by the statute of limitations. In dealing with the statute of limi-

tations issue, the Court also faces the topic of equitable tolling.

## II. LEGAL STANDARD

Defendants' motion seeks dismissal pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for failure to state a claim. A dismissal for failure to state a claim is essentially a ruling on a question of law. *North Star International v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir.1983). In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). In considering this motion to dismiss, the Court asks only whether the pleadings are sufficient to establish a claim, not whether the plaintiff could find evidence to support his pleadings. *See, e.g., In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994).

■ The court also notes that the equitable tolling doctrine often depends on matters outside the pleadings; consequently, it is not generally amenable to resolution on a Rule 12(b)(6) motion. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.1993)). Similarly, when a motion to dismiss is brought on the ground that the Plaintiff's complaint is untimely, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.

1980)). *See also Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir.1998).

Lastly, this Court notes that "the public policy favoring disposition of cases on their merits counsels strongly against dismissals. This policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987)).

## III. DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed because (1) it was submitted after the expiration of the applicable statute of limitations and (2) because Plaintiff failed to comply with Nev.Rev.Stat. 209.243. The Court will address each argument in turn.

### A. *The Statute of Limitations*

■ 42 U.S.C. § 1983 does not contain a statute of limitations. Rather, federal courts apply the forum state's personal injury statute of limitations for § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Nevada, the applicable statute of limitations is two years. *See* Nev.Rev. Stat. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425 (9th Cir.1989). Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537–39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Fink v. Shedler*, 192 F.3d 911, 913–14 (9th Cir.1999). However, federal law determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir.1994). A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996).

Defendants argue that Plaintiff is barred from bringing the current action because the applicable statute of limitations has run. Plaintiff contends the statute of limitations should be equitably tolled for (1) the period of time in which the Plaintiff was exhausting his administrative remedies, and (2) for the time period in which the dismissed case was pending before the court.

Plaintiff alleges that the acts which violated his civil rights occurred on January 3, 2001. Given that the applicable statute of limitations in Nevada is two years, *Perez*, 869 F.2d at 425, Plaintiff would ordinarily have had until January 4, 2003 to file a claim based on that attack. However, Plaintiff did not bring this lawsuit until September 11, 2004, some 250 days after the two-year statutory deadline. Therefore, Plaintiff's action can only proceed if there is some basis upon which it is appropriate for the Court to toll the statute of limitations for at least 250 days. Otherwise, Plaintiff's complaint will be considered to have been untimely filed. As there is no statutory rule permitting tolling which would apply to Plaintiff's claim, the Court considers whether the doctrine of equitable tolling might apply to save Plaintiff's claim.

Plaintiff initiated the prison grievance process on November 26, 2002, and he exhausted his administrative remedies on March 25, 2003, meaning the process took 119 days. While Plaintiff was still exhausting his administrative remedies, he filed a § 1983 claim in federal district court. That court dismissed Plaintiff's claim without prejudice on August 16, 2003. The case was pending before the court for 221 days. The total time from the filing of the administrative grievance to the judgment by the federal court was 289 days. Thus, the only way in which Plaintiff's action could be considered timely filed is if this Court tolls the statute of limitations for the pendency of both the administrative grievance process *and* the prior judicial action.

In deciding whether to equitably toll a statute of limitations for a cause of action filed under § 1983 of Title 42 of the United States Code, the court applies the forum state's tolling doctrines. *See Hardin*, 490 U.S. at 543–44, 109 S.Ct. 1998, 104 L.Ed.2d 582; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995). The Nevada Supreme Court has not published a case in which it was faced with the prospect of applying the doctrine of equitable tolling to Nev.Rev.Stat. § 11.190(4)(e), which is the applicable statute of limitations for claims arising under 42 U.S.C. § 1983. *See Perez*, 869 F.2d at 425. In the absence of controlling Nevada law, this Court must use its own best judgment in determining how the Nevada Supreme Court would decide the substantive issue. *See Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.*, 106 F.Supp.2d 1051, 1053 (D.Nev.2000). Although there is no controlling law, the Nevada courts have dealt with the issue of equitable tolling in other contexts. In dealing with Nevada's anti-discrimination statutes, the Nevada Supreme Court set out Nevada's doctrine of equitable tolling as follows:

> Without limiting or restricting the application of the doctrine of equitable tolling, we note that there are several factors which have been mentioned by the above authorities in determining whether the doctrine should apply in a given case. Those factors include: the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer

that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

*Copeland v. Desert Inn Hotel,* 99 Nev. 823, 826, 673 P.2d 490, 492 (Nev.1983). The Nevada Supreme Court has applied this standard in subsequent cases. *See State, Dep't of Human Resources v. Shively,* 110 Nev. 316, 871 P.2d 355 (1994) (tolling a statute of limitations where the state was required to pursue administrative action); and *Siragusa v. Brown,* 114 Nev. 1384, 971 P.2d 801, 808 n. 7 (refusing to toll the statute of limitations during the pendency of prior bankruptcy proceedings).

### 1. Equitable Tolling of the Administrative Proceedings

■ This Court finds the *Shively* case to be particularly persuasive regarding the issue of tolling during the exhaustion of administrative remedies. In *Shively,* the Nevada Supreme Court tolled a fraud claim during the pendency of administrative proceedings where the state was required to pursue administrative action, and the law favored resolution in that forum. *See Shively,* 110 Nev. 316, 871 P.2d 355. The facts in *Shively* are analogous to the facts before this Court. Under the Prison Litigation Reform Act ("PLRA"), as found in 42 U.S.C. § 1997e, Plaintiff was required to exhaust his administrative remedies before bringing suit in federal court. Moreover the law clearly favors resolution in the administrative forum. 42 U.S.C. § 1997e; *see Porter v. Nussle,* 534 U.S. 516, 517, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (stating that the PLRA's dominant concern is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court"). Furthermore, several other federal courts have tolled the statute of limitations during the pendency of administrative remedies made mandatory by

42 U.S.C. § 1997e. *See, e.g., Clifford v. Gibbs,* 298 F.3d 328 (5th Cir.2002), *Harris v. Hegmann,* 198 F.3d 153, 157–59 (5th Cir.1999), *Brown v. Morgan,* 209 F.3d 595 (6th Cir.2000), *Wright v. O'Hara,* 2004 WL 1793018, *6 (E.D.Pa.2004), *Pettiford v. Sheahan,* 2004 WL 626151, *5 (N.D.Ill. 2004). Therefore, the Court will toll the statute of limitations for the time in which Plaintiff was pursuing his administrative remedies.

### 2. Equitable Tolling During the Prior Judicial Proceedings

■ If Plaintiff had waited until he had exhausted his administrative remedies *before* filing the prior lawsuit in federal court, a determination that the statute of limitations should be tolled while he was exhausting his administrative remedies would be sufficient for a finding that the present action was timely filed (assuming that Plaintiff would have filed his federal action shortly after the termination of the administrative proceedings). However, because the *pro se* Plaintiff filed his federal action before the administrative process had ended, he was unable to file this action in federal court until the termination of the prior action. During the pendency of the dismissed judicial action, the statute of limitations expired, so that, without tolling, he would be barred from presenting the merits of his case. In essence, because of the statute of limitations, the previous court's dismissal without prejudice amounted to a dismissal with prejudice. In the prior action, in opposing a motion to dismiss, Plaintiff did argue that the case should be equitably tolled if dismissed because the statute of limitations had run while he was awaiting the court's ruling. However, the court determined that the issue would be more appropriately dealt with when and if Plaintiff decided to file another action in federal court. Therefore, this Court now faces the issue of

tolling the time period during the pendency of the prior judicial action.

The Court is unaware of any Nevada Supreme Court case in which the court faced the issue of whether to toll the statute of limitations during a prior judicial proceeding, which contained the same substantive claim, and which was dismissed without prejudice. For actions arising under 42 U.S.C. § 1983, it is unclear, under existing authority, how a court should deal with a situation where dismissal without prejudice is tantamount to a dismissal with prejudice because of the expiration of the statute of limitations. *See McCoy v. Goord,* 255 F.Supp.2d 233, 252 (S.D.N.Y. 2003) (stating that, in practice, tolling may ameliorate a situation where the running of a statute of limitations would transform a dismissal without prejudice into a dismissal with prejudice). In the absence of controlling precedent from the Nevada Supreme Court, this Court must use its own best judgement to predict how the state court would decide the relevant substantive issues. *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir.1986), *reh'g denied, modified,* 810 F.2d 1517 (9th Cir. 1987); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980); *Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.,* 106 F.Supp.2d 1051, 1053 (D.Nev.2000). "In doing so, this Court may look to state court decisions from sister jurisdictions, treatises and other helpful resources." *Vegas Jet,* 106 F.Supp.2d at 1053.

■ As noted previously, in *Copeland* the Nevada Supreme Court provided criteria used to determine whether a statute of limitations should be equitably tolled. *Copeland,* 673 P.2d at 492. Those criteria include: (1) "the diligence of the claimant"; (2) "the claimant's knowledge of the relevant facts"; (3) "the claimant's reliance on authoritative statements ... that misled the claimant about the nature of the claim-

ant's rights"; (4) any deception or false assurances on the part of party against whom the claim is made; (5) the prejudice to the defendant that would actually result from delay during the time the limitations period is tolled; and (6) "any other equitable considerations appropriate in the particular case." *Copeland,* 673 P.2d at 492.

The Court has no information regarding the Plaintiff's knowledge of the relevant facts or of any misleading or deceptive statements, so the Court will limit its analysis to (1) Plaintiff's diligence and (2) to the prejudice Defendant would endure if the statute of limitations were tolled. First, the Court looks to the diligence of the Plaintiff. The Court finds that Plaintiff was diligent in filing the actions leading to, and including, the present case. He filed both his administrative grievance and his prior federal lawsuit before the deadline set by the statute of limitations. As a *pro se* litigant, Plaintiff likely did not understand the possible ramifications posed by the statute of limitations of filing a lawsuit "too early." It would be inequitable to permanently deny Plaintiff his day in court simply because he attempted to preserve his rights by filing before the running of the statute of limitations without knowing that this Court would toll the time in which he pursued his administrative remedies. Although it is true that Plaintiff waited over a year and a half from the accrual of his claim before filing his lawsuit, the Court will not draw a negative inference from that fact where the Court lacks any information as to the reasons, or lack thereof, for the delay. Thus, the Court finds that under these circumstances, Plaintiff appears to have been diligent in pursuing his claim.

Second, this Court ascertains to what extent Defendants would actually be prejudiced "from delay during the time the limitations period [was] tolled." *Id.* at 492.

The Nevada Supreme Court has not articulated a standard by which to determine if a defendant would be prejudiced from such a delay. As stated above, where the Nevada Supreme Court has not addressed an issue, the Court will use its own best judgment to predict how the state court would decide the substantive issue. *Vegas Jet,* 106 F.Supp.2d at 1053. In performing that function, the Court may be aided by reviewing well-reasoned decisions from other jurisdictions. *Takahashi,* 625 F.2d at 316. The Court finds that the Nevada Supreme Court would likely turn to the standard set forth by the California Supreme Court in determining whether a defendant would be prejudiced by equitably tolling a statute of limitations. In *Addison v. State of California,* the court lays out a three-part test to determine whether equitable tolling should be applied. 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941, 944 (1978). This same standard has been adopted by at least two other state supreme courts. *See, e.g., Gudenau & Co., Inc. v. Sweeney Ins., Inc.,* 736 P.2d 763 (Alaska 1987); *Hosogai v. Kadota,* 700 P.2d 1327, 145 Ariz. 227 (Ariz. 1985). Under the circumstances of this case, the Court finds that the *Addison* test appropriately determines whether Defendants would be prejudiced if the statute of limitations were tolled. Accordingly, the Court will adopt the *Addison* test for the purposes of this order.

The first two parts of the *Addison* test provide a basis for determining whether a defendant would be prejudiced by equitable tolling. First, "the filing of the first claim must provide the defendant in the second claim with timely notice of the need to begin investigating the facts which form the basis of that claim. Generally this means that the defendant in the first claim is the same as the one being sued in the second." *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 191 Cal.Rptr. 681, 685 (1983). Second, "the facts of the two claims must be identical or at least so similar that the defendant's investigation of the first claim will place him in a position to fairly defend the second." *Id.* at 685.

Apparently, the Defendants in both this action and the dismissed action are the same. Furthermore, the facts and claims involved in the grievance process, the prior action, and this action appear to be substantially the same, to the extent that Defendants' investigation of the prior actions would place them in a position to fairly defend the second. In other words, before the statute of limitations had run, Defendants were put on notice of the need to defend the current action. *See Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 352, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) ("Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights."). Therefore, based on the pleadings before this Court, Defendants would not be prejudiced by allowing Plaintiff's claim to continue.

The third piece of the *Addison* test asks whether the plaintiff acted reasonably and in good faith. For the same reasons that the Court finds Plaintiff to have been diligent under *Copeland,* it finds that Plaintiff acted reasonably and in good faith in pursuing his claims.

At least one other federal court has dealt with the prospect of dismissing without prejudice where such a dismissal would amount to dismissal with prejudice because of the running of the applicable statute of limitations. In *Clifford v. Gibbs,* the Fifth Circuit was faced with a situation in which the plaintiff brought a § 1983 action in federal court without having first exhausted his administrative remedies as required by 42 U.S.C. § 1997e. 298 F.3d 328 (5th Cir.2002). The plaintiff's complaint had been dismissed without prejudice, but the statute of limitations had run

while the case was pending in federal court. Recognizing that a dismissal without prejudice would amount to a dismissal with prejudice, the court equitably tolled the statute of limitations for the duration of the federal lawsuit and for the duration of subsequent administrative proceedings. *Id.* at 333. The Ninth Circuit has favorably cited this action by the Fifth Circuit, albeit only in dicta. *See Ford v. Hubbard,* 330 F.3d 1086, 1104 (9th Cir.2003). This Court finds *Clifford* to be persuasive.[1]

Therefore, this Court finds that Plaintiff could present facts that would prove the timeliness of his claims, and the statute of limitations will be tolled for the 289 days during which the Plaintiff was exhausting his administrative remedies and for the time during which his prior dismissed action was pending before the previous federal district court.

### B. Nev.Rev.Stat. 209.243

■ Defendants argue that Plaintiff failed to exhaust his administrative reme-

dies before bringing the present action. The Supreme Court has made it abundantly clear that prisoners who wish to bring a cause of action under 42 U.S.C. § 1983 must exhaust all administrative remedies *prior* to filing a federal lawsuit, as required by 42 U.S.C. § 1997e.[2] *See, e.g., Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001).

Defendants allege that Plaintiff failed to comply with Nev.Rev.Stat. 209.243, which requires that a "claim must be filed within 6 months after the date of the alleged loss, damage or injury."[3] Nev.Rev.Stat. 41.0322 provides that "[t]he court shall dismiss the action if the person has not timely filed his administrative claim pursuant to Nev.Rev.Stat. 209.243 and the regulations adopted pursuant thereto." Nev. Rev.Stat. 41.0322. Plaintiff did not file his initial grievance with the Nevada Department of Corrections until November 26, 2002, over a year and a half after he was

1. A few other cases have mentioned or faced the problem presented in this action. In *Napier v. Preslicka,* the 11th Circuit stated:

The Eleventh Circuit has not yet been faced with a case that involves a prisoner's claim that is both barred by the PLRA [Prison Litigation Reform Act] during imprisonment and barred by the applicable statute of limitations after release from prison, thereby giving the plaintiff no opportunity to ever have his claim heard on the merits by a federal court. We proffer, but do not hold, as that issue is not before us, that such a result may be mitigated by the doctrine of equitable tolling. . . .

314 F.3d 528, 534 n. 3 (11th Cir.2002), *reh'g denied en banc,* 331 F.3d 1189, *cert. denied,* — U.S. —, 124 S.Ct. 1038, 157 L.Ed.2d 901; *see also McCoy v. Goord,* 255 F.Supp.2d 233, 252 (S.D.N.Y.2003) (stating that, in practice, tolling may ameliorate a situation where the running of a statute of limitations would transform a dismissal without prejudice into a dismissal with prejudice); *Redd v. Sailor,* 2002 WL 32442239, *1 (E.D.Va.2002) (tolling, without commentary,

the time during the pendency of plaintiff's two prior judicial actions, which were based on the same facts as the action then before the court).

2. Section 1997e(a) reads:

No action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. § 1997e(a) (1996).

3. Nev.Rev.Stat. 209.243(1) provides that "[a] prisoner or former prisoner may file an administrative claim with the department to recover compensation for . . . personal injuries or any other claim arising out of a tort alleged to have occurred during his incarceration" as a result of any act or omission of the Department of Corrections or its agent, former officers, employees, or contractors. Nev.Rev. Stat. 209.243(1). "The claim must be filed within 6 months after the date of the alleged loss, damage or injury." *Id.*

allegedly attacked. Defendants argue that Plaintiff's failure to comply with Nev.Rev. Stat. 209.243, means this Court must dismiss the current action as provided by Nev.Rev.Stat. 41.0322.

However, this Court finds that Plaintiff was not required to comply with NRS 209.243 before filing his claim in federal court. In *Blackmon v. Crawford*, this district determined that compliance with NRS 209.243 is not a prerequisite to filing a claim in federal court under 42 U.S.C. § 1983. 305 F.Supp.2d 1174 (D.Nev.2004). That court reasoned as follows:

> [D]efendants argue ... that Blackmon was required to exhaust state tort claim procedures under Nevada Revised Statutes ("NRS") 209.243 as well as the institutional grievance process.
>
> However, the plain language of 42 U.S.C. Section 1997e(b) indicates that the PLRA refers to institutional grievance procedures and not to general state tort claim procedures. 42 U.S.C. § 1997e(b) ("[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under 1997a or 1997c of this title.") There is no requirement for exhaustion of state tort claim procedures for filing a civil rights action in federal court. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999) (stating that, while "Congress certainly intended to require prisoners to exhaust available administrative grievance procedures, there is no indication that it intended prisoners also to exhaust state tort claim procedures."),

*overruled on other grounds by Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).... [the defendant] was not required to pursue his claim through NRS 209.243.

*Id.* at 1177–78. The Court now adopts the reasoning of *Blackmon* and holds that Plaintiff was not required to pursue his claim through NRS 209.243 before bringing his current claim.[4] Accordingly, Plaintiff is not barred from bringing the current action on the ground that he failed to exhaust his administrative remedies.[5]

## IV. CONCLUSION

Interpreting Nevada law on equitable tolling, this Court determines that the statute of limitations should be tolled for the period from November 26, 2002, until August 16, 2003, the time during which Plaintiff was previously pursuing his remedies. Therefore, the Court determines that the current action, filed on September 11, 2003, is timely.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Docket No. 8) is DENIED.

IT IS SO ORDERED.

---

4. Due to this ruling, it is unnecessary for the Court to address Plaintiff's other arguments concerning the applicability and/or constitutionality of NRS 209.243.

5. This is not to suggest that exhaustion of administrative remedies *is not required* under 42 U.S.C. § 1997e. Rather, Defendant has failed to show that Nev.Rev.Stat. 209.243 is a remedy Plaintiff should have exhausted before filing this lawsuit.