An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK MOOR,
Appellant,
vs.
THE STATE OF NEVADA; AND
NEVADA DEPARTMENT OF
CORRECTIONS, OFFENDER
MANAGEMENT DIVISION,
Respondents.

No. 62398

FILED

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a negligence suit brought against the State and Nevada Department of Corrections (NDOC). First Judicial District Court, Carson City; James Todd Russell, Judge.

After exhausting his administrative remedies, appellant Mark Moor filed a pro se complaint in district court (first case), alleging that NDOC's negligent recordkeeping regarding the timing of his parole hearings resulted in his illegal incarceration for 301 days. The district court dismissed Moor's first case because Moor failed to timely request an early case conference per NRCP 16.1. Moor then filed another complaint containing the same allegations (second case). NDOC and the State moved to dismiss, arguing that Moor had failed to state a claim because the two-year statute of limitations had run on Moor's claim before he filed his second case. The district court granted the motion to dismiss the second case. It held that, even crediting that the administrative grievance period tolled the running of the statute of limitation, more than two years had passed since Moor became aware of his injuries and his filing of his

15-23138

second case. Moor appeals; our review is de novo. *Jacobs v. Adelson*, 130 Nev., Adv. Op. 44, 325 P.3d 1282, 1285 (2014).

Though the parties dispute when Moor's claim accrued, Moor filed his second case more than two years after any of the triggering dates the parties propose. NRS 41.036(1) (two-year statute of limitations period for tort claims against the State or its agencies). Moor submits that the district court should have equitably tolled the statute of limitations from the time he filed his first case to when it was dismissed, which would render his second case timely, citing *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160 (D. Nev. 2004) for support. *See Seino v. Emp'rs Ins. Co. of Nev.*, 121 Nev. 146, 152, 111 P.3d 1107, 1112 (2005) (where "the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate") (internal quotations omitted). However, Moor's situation is materially distinct from that of the pro se incarcerated plaintiff in *Wisenbaker*. In *Wisenbaker*, the federal district court equitably tolled the statute of limitations for the duration of the plaintiff's first case to make the plaintiff's second case timely, where the first case was filed before the plaintiff exhausted his administrative remedies, and was dismissed for that reason. 341 F. Supp. 2d at 1165-66. The federal court reasoned that, because the facts otherwise demonstrated the inmate's diligence, it would have been "inequitable to permanently deny Plaintiff his day in court simply because he attempted to preserve his rights by filing before the running of the statute of limitations without knowing that this Court would toll the time in which he pursued his administrative remedies." *Id.* at 1166.

Moor's first case, however, was dismissed due to his failure to comply with NRCP 16.1's mandatory conferencing rules. *See* NRCP

16.1(g) (stating that even parties not represented by counsel must comply with Rule 16.1). So while the result here resembles that in *Wisenbaker*—dismissal of the first case without prejudice amounts to a dismissal with prejudice because the statute of limitations ran during the first case—this is due to Moor's lack of diligence in prosecuting his first case, not to his engaging the court system too early, without first exhausting his administrative remedies. Also, Moor was not particularly diligent in pursuing his first case: after the defendants answered Moor took no action for seven months, when he filed a first request for production of documents, which was followed by the respondents' motion to dismiss and Moor's belated request for an early case conference. And while Moor filed his second case within four weeks of the district court dismissing his first case, this does not negate his previous lack of diligence in his first case. Also missing in this matter is any further equitable consideration that weighs in Moor's favor, beyond what Moor submits is the inherent unfairness in dismissing a claim before reaching the merits, such as that the plaintiff relied on an agency's misleading representation or only became aware of the relevant facts after the limitations period had run. *See, e.g., Copeland v. Desert Inn Hotel*, 99 Nev. 823, 825, 827, 673 P.2d 490, 491-92 (1983) (summary judgment improper because plaintiff's allegations that an agency representative made misleading statements upon which she relied and which caused her untimely complaint raised a genuine issue of fact as to whether equitable tolling could excuse the untimely filing); *City of N. Las Vegas v. State Local Gov't Emp.-Mgmt. Relations Bd.*, 127 Nev., Adv. Op. 57, 261 P.3d 1071, 1077 (2011) (employee's delay in filing prohibited labor practices claim with agency excused by equitable tolling where the employee had not learned that his

employer treated him differently than another employee until after the time to bring a claim had expired). Therefore, Moor has not shown that the equitable tolling doctrine should apply to excuse the untimely filing of his second case.

Alternatively, Moor requested in his briefs that the court remand with instructions that the district court consider a motion for relief from the judgment in his first case under NRCP 60(b) because, had Moor been versed in the civil procedure rules, he would have filed a Rule 60(b) motion in the first case and not pursued a second case at all. But the court does not have authority to remand with instructions that the district court take action in a case other than the one on appeal. *Cf. Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004) ("[T]he duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it.") (internal quotations omitted). Whatever argument Moor has for NRCP 60(b) relief must be made in the first case, not this appeal from the order of dismissal in the second case. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Hon. James Todd Russell, District Judge
Holley, Driggs, Walch, Puzey & Thompson/Las Vegas
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A