NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLORISSA D. PORTER; WILLIAM D. SPENCER, <br><br>                Plaintiffs-Appellants, <br><br> v. <br><br> SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES, AKA Rawson-Neal Psychiatric Hospital, a mental health treatment operation licensed by the State of Nevada; et al., <br><br>                Defendants-Appellees. | No. 18-15360 <br><br> D.C. No. 2:16-cv-02949-APG-PAL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted July 15, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,** District Judge.

Clorissa Porter and William Spencer appeal the district court's order

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

dismissing their case as time-barred. Former patients of Southern Nevada Adult Mental Health Services ("SNAMHS"), Porter and Spencer filed the instant class action—on behalf of themselves and victims of an alleged scheme to unlawfully discharge mental health patients—after the statute of limitations had run on their claims. Porter and Spencer had delayed filing their class action while an earlier class action plaintiff who represented them as putative class members proceeded in an ultimately unsuccessful appeal to this court. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). Porter and Spencer argue that their class claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 should be subject to tolling under either the principles expressed in *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974) and its progeny or traditional principles of equitable tolling. The district court denied tolling under both theories. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. We review de novo whether the district court erred in concluding that *American Pipe* tolling did not apply to Porter's and Spencer's class claims under the ADA and § 1983.[2] *See Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th

---

[1] We also grant Porter's and Spencer's request for judicial notice.
[2] Although § 1983 and the ADA provide federal causes of action, they borrow the forum state's tolling rules for individual claims. *See TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). We have not yet decided whether the forum state's tolling rules should also apply in the context of a Rule 23 class action. We need not address that question, however, as Nevada appears to have adopted federal

2

Cir. 1999). In *American Pipe*—and in *Crown, Cork, & Seal, Co. v. Parker*—the U.S. Supreme Court established that the filing of a class action suspends the applicable statute of limitation as to all putative class members until class certification is denied, at which point members may file their own individual suits or intervene as plaintiffs in the pending action. *Crown, Cork, & Seal, Co. v. Parker*, 462 U.S. 345, 353–54 (1983). Recently, in *China Agritech, Inc. v. Resh*, the Court clarified that *American Pipe* only tolls individual claims: "Time to file a class action falls outside the bounds of *American Pipe*." 138 S. Ct. 1800, 1811 (2018). Applying the *China Agritech* rule, we conclude that Porter's and Spencer's class claims were not subject to *American Pipe* tolling at any point during the pendency of the *Brown* class action. *See id.*

**2.** We review de novo whether the district court erred by failing to extend traditional principles of equitable tolling to Porter's and Spencer's class claims.[3] Neither this court nor the Nevada Supreme Court has addressed whether traditional principles of equitable tolling extend beyond individual claims to apply to

---

class action tolling principles. *See Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 176 P.3d 271, 275 & n.22 (Nev. 2008).

[3] While *American Pipe* tolling is an "equitable-tolling exception to statutes of limitation," *China Agritech, Inc.*, 138 S. Ct. at 1809, Porter and Spencer seek to avail themselves of the traditional doctrine of equitable tolling, *Cal. Pub. Emps. Retirement Sys. v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2051–52 (2017) (noting the differences between *American Pipe* and the traditional doctrine of equitable tolling).

successive class claims. The Nevada Supreme Court, however, would likely follow the California law addressing this issue. *See Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1167 (D. Nev. 2004). And at least one California court has denied equitable tolling to class claims post-*China Agritech*. *See Fierro v. Landry's Restaurant Inc.*, 244 Cal. Rptr. 3d 1, 15–17 (Cal. Ct. App. 2019). We agree with this conclusion and decline to apply any principles of equitable tolling to Porter's and Spencer's successive class claims.

**3.** We do not consider whether Porter's and Spencer's individual claims are subject to tolling under *American Pipe* or traditional principles of equitable tolling because neither Porter nor Spencer raise this issue in their opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**