**137 Nev., Advance Opinion 70**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

---

CURTIS WILSON, AN INDIVIDUAL,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, A GOVERNMENTAL
AGENCY; POLICE OFFICER E.
VONJAGAN, BADGE NO. 16098, AN
EMPLOYEE OF THE METROPOLITAN
POLICE DEPARTMENT; AND POLICE
OFFICER TENNANT, BADGE NO.
9817, AN EMPLOYEE OF THE
METROPOLITAN POLICE
DEPARTMENT,
Respondents.

No. 81940



FILED

NOV 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

---

Appeal from a district court order dismissing a complaint in a tort action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

Brandon L. Phillips, Attorney at Law, PLLC, and Brandon L. Phillips, Las Vegas,
for Appellant.

Kaempfer Crowell and Lyssa S. Anderson, Ryan W. Daniels, and Kristopher J. Kalkowski, Las Vegas,
for Respondents.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-33205

*OPINION*

By the Court, SILVER, J.:

In this appeal, we consider whether the district court erred in determining that a proceeding before a citizen review board does not warrant tolling the statute of limitations under our holding in *State, Department of Human Resources v. Shively*, 110 Nev. 316, 871 P.2d 355 (1994), or under equitable tolling principles. We conclude the review board proceeding does not toll the statute under *Shively* because participation in the proceeding was not mandatory. We also conclude that the doctrine of equitable tolling does not apply here because appellant failed to demonstrate that he acted diligently and that an extraordinary circumstance prevented him from timely filing his civil complaint in district court. Accordingly, we affirm the district court's order dismissing his complaint.

## FACTS AND PROCEDURAL HISTORY

On August 22, 2017, Las Vegas Metropolitan Police Department (LVMPD) Officers Vonjagan and Tennant stopped appellant Curtis Wilson for an improper lane change. Officer Vonjagan instructed Wilson to get out of his car and move to the front of the LVMPD vehicle, where Officer Vonjagan handcuffed him. Officer Tennant placed a second set of handcuffs around Wilson's wrists. Wilson, an African-American, alleges that the officers were motivated by racial animus and that they handcuffed him so forcefully that they permanently injured his hands and wrists. Wilson further alleges that the officers harassed him and made him wait outside in high temperatures for a long time. Wilson avers that the officers released him only after discovering that he is a retired firefighter.




Wilson filed a citizen complaint with the LVMPD Citizen Review Board (CRB) in October 2017. The CRB is an advisory board to LVMPD. The CRB may refer citizen complaints against police officers to the LVMPD and make recommendations regarding discipline, as well as review LVMPD's internal investigations.[1] In the present case, the CRB referred Wilson's complaint to a hearing panel for further review. The CRB informed Wilson that if he was not satisfied with the panel's decision, he could "contact legal counsel to pursue any other legal remedies available." The LVMPD Internal Affairs Bureau simultaneously reviewed the matter, but it did not find a policy violation. At the CRB's initial hearing, the panel disagreed with the bureau's determination and scheduled an evidentiary hearing for March 14, 2018. That same day, following the evidentiary hearing, the CRB found that there was no policy violation but concluded that the officers had unnecessarily escalated the situation. On this basis, the CRB recommended additional officer training.

On November 13, 2019, Wilson filed a civil complaint in district court against LVMPD, Officer Vonjagan, and Officer Tennant (collectively, when possible, LVMPD respondents), asserting claims for battery, false imprisonment, and negligence. LVMPD respondents filed a motion to dismiss, arguing that Wilson's complaint was barred by the statute of limitations. Wilson countered that the statute of limitations was tolled while he sought administrative remedies and that equitable considerations favored tolling. The district court granted the motion to dismiss, finding that tolling the statute of limitations was not warranted.

---

[1]We explained the CRB's purpose and function in *Las Vegas Police Protective Ass'n Metro, Inc. v. Eighth Judicial District Court*, 122 Nev. 230, 234, 130 P.3d 182, 186 (2006) (citing, inter alia, NRS 289.387(4)).

## DISCUSSION

*Standard of review*

We review a dismissal for failure to state a claim pursuant to NRCP 12(b)(5) de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A decision to dismiss a complaint under NRCP 12(b)(5) is rigorously reviewed on appeal, with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complainant. *Id.* Dismissal of a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672.

*The district court did not err in dismissing Wilson's complaint*

NRS 11.190(4) provides a two-year limitations period for an action for battery or false imprisonment, or for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." NRS 11.190(4)(c), (e). That period begins to run "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). When a plaintiff's complaint is untimely and the statute of limitations is not tolled, dismissal of the complaint is proper. *See Fausto v. Sanchez-Florez*, 137 Nev., Adv. Op. 11, 482 P.3d 677, 683 (2021).

There is no dispute that Wilson filed his complaint more than two years after the incident and that the complaint is time-barred unless the statute was tolled. But Wilson argues that, under *Shively*, his pursuit of administrative remedies tolled the statute of limitations. Wilson further argues that *Shively* applies even when the exhaustion of administrative remedies is not mandatory and that Nevada's equitable tolling principles favor tolling the statute here. LVMPD respondents counter that *Shively* does not apply because CRB is neither an administrative agency nor an

administrative court and filing a complaint with the CRB was not a prerequisite to filing a lawsuit. LVMPD respondents also contend that equitable tolling is not available because Wilson was not diligent and failed to demonstrate that extraordinary circumstances prevented him from timely filing his complaint. We address *Shively* and equitable tolling in turn.

Shively *is distinguishable*

As noted, Wilson primarily relies on *Shively*. There, the state welfare department initiated an administrative proceeding to terminate benefit payments to a Medicaid recipient who fraudulently obtained eligibility for the program. 110 Nev. at 317, 871 P.2d at 355. After the hearing officer affirmed the department's right to terminate benefits, the department filed a complaint in district court to recover the benefits paid. *Id.* The defendant argued the statute of limitations barred the complaint, and the district court granted summary judgment. *Id.* at 317, 871 P.2d at 355-56. We reversed, explaining the department was *required* to participate in the administrative action before it could discontinue benefits or recoup expenses and thus should not be penalized for pursuing the requisite administrative remedy before seeking relief in court. *Id.* at 318, 871 P.2d at 356. We therefore concluded the statute of limitations was tolled during the pendency of the administrative process. *Id.*

Unlike the situation in *Shively*, Wilson was not required to bring his tort claims to the CRB. NRS 289.387(4), which sets forth the CRB's duties and powers, provides that the CRB "*may* . . . [r]eview an internal investigation of a [police] officer . . . and make *recommendations* regarding any disciplinary action against the [police] officer." (Emphases added.) Nothing in the statutes authorizing the creation of the CRB and

defining its authority provide that participation in the CRB process is mandatory, a prerequisite to filing a lawsuit, or binding on the police officer's employer. *See, e.g.*, NRS 289.380; NRS 289.387. Moreover, correspondence from the CRB notified Wilson that he was free to pursue legal remedies. Thus, nothing prevented Wilson from filing his civil complaint before the completion of the CRB process. Accordingly, this case is not analogous to *Shively*.

To the extent Wilson invites us to expand *Shively* to toll the statute of limitations for administrative proceedings that are not mandatory, we decline to do so for three reasons. First, Wilson presents no arguments or authorities supporting his assumption that a CRB proceeding is an administrative proceeding. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (this court need not consider issues not adequately briefed, not supported by relevant authority, and not cogently argued); *see also Las Vegas Police Protective Ass'n Metro*, 122 Nev. at 234, 130 P.3d at 186 (explaining the CRB is an advisory body to the police department that reviews internal investigations and makes disciplinary recommendations). Second, we declined a similar invitation in *Siragusa v. Brown*, where we explained that *Shively*'s holding is "limited to [its] facts and [has] no broader application." 114 Nev. 1384, 1394 n.7, 971 P.2d 801, 808 n.7 (1998). Third, carving out the ad hoc exception Wilson urges would undermine the Legislature's intent in enacting a statute of limitation such as NRS 11.190(4). *See Fausto*, 137 Nev., Adv. Op. 11, 482 P.3d at 680 (2021) (explaining that statutes of limitations are intended to prevent stale claims and "'to encourage the plaintiff to pursu[e] his rights diligently'" (alteration in original) (quoting *CTS Corp. v. Waldburger*, 573

U.S. 1, 10 (2014))). Accordingly, we conclude that the CRB proceeding did not toll the statute of limitations pursuant to *Shively*.

*Equitable tolling does not apply*

We recently established the threshold requirements for equitable tolling of NRS 11.190(4)(e)'s limitations period: (1) the plaintiff exercised diligence in pursuing his or her claims, and (2) some extraordinary circumstance prevented the plaintiff from bringing a timely action.[2] *See Fausto*, 137 Nev., Adv. Op. 11, 482 P.3d at 682. We address these factors in turn.

*Wilson was not diligent*

When considering diligence, we evaluate, among other factors and circumstances, whether the plaintiff made prompt efforts to assert the claim. *See id.* (concluding that a plaintiff was not diligent, despite initially reporting a crime perpetrated against her, because she "did not seek counsel or assert her claims until two and a half years later"). In this case, Wilson waited over a year and half after the CRB made its decision before he filed his complaint in district court, and he provided no explanation for this delay. Therefore, we conclude that Wilson did not diligently pursue his claims.

*No extraordinary circumstance prevented Wilson from timely asserting his claims*

Extraordinary circumstances exist where some circumstance prevents the plaintiff from timely filing a complaint. *See id.* at 683 (concluding that the plaintiff did not show extraordinary circumstances

---

[2]If these threshold factors are met, the district court must consider the additional applicable factors set forth in *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983). *See Salloum v. Boyd Gaming Corp.*, 137 Nev., Adv. Op. 56, 495 P.3d 513 (2021).

where nothing prevented her from timely filing her complaint). Wilson does not point to any extraordinary circumstance beyond his control that prevented him from timely filing his complaint, and the record does not indicate that Wilson faced any such circumstance. At best, Wilson suggests that LVMPD encouraged him to participate in the CRB process. However, nothing in that correspondence indicated to Wilson that he was *required* to complete the CRB complaint process before filing a civil complaint or that the CRB process would provide the same remedies as a civil action.

Even assuming, *arguendo*, that Wilson was somehow discouraged from filing a claim while the CRB proceeding was ongoing, this does not explain why Wilson waited over 18 months after the CRB process concluded to file his complaint. Moreover, to the extent Wilson mistakenly believed the statute of limitations was tolled for the duration of his CRB complaint, that mistaken belief is not an extraordinary circumstance warranting equitable tolling. *See Salloum*, 137 Nev., Adv. Op. 56, 495 P.3d at 518 (rejecting the notion that this court should equitably toll "otherwise-expired claims because of [the plaintiff's] 'miscalculation of an amended statute' while represented by counsel"). Thus, we conclude that Wilson failed to establish that an extraordinary circumstance prevented him from timely asserting his claims and the district court properly determined that the statute of limitations barred Wilson's complaint.

## CONCLUSION

*Shively* does not provide grounds for tolling the statute of limitations here, and Wilson additionally failed to establish grounds for

SUPREME COURT
OF
NEVADA

(O) 1947A

8

equitable tolling. We therefore conclude that the district court properly dismissed his untimely complaint. Accordingly, we affirm the district court's dismissal order.

_____, J.
Silver

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A