NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ESPINOSA, | No. 22-15504 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01617-RFB-NJK |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA, AKA CoreCivic, Inc., DBA Nevada Southern Detention Center, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 9, 2023[**]
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Plaintiff Michael Espinosa sued Defendant Corrections Corporation of

America ("CCA") almost three years after he discovered the extent of his foot

injury. On de novo review, *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

981–82 (9th Cir. 2022), we affirm the summary judgment in CCA's favor.

On December 5, 2015, Espinosa injured his heel attempting to evade arrest. He was taken into custody and remained in custody with CCA as his heel injury worsened. On September 30, 2016, Espinosa's lawyer sent a letter of representation to CCA. On December 4, 2017, Espinosa sued CCA in state court for allegedly substandard medical treatment, but failed to timely serve the complaint. His state court action was ultimately dismissed for that reason.

On August 1, 2019, Espinosa sued CCA for the second time, alleging negligence and gross negligence arising out of his medical treatment. CCA removed the case to federal court. The district court (which described the claims as "identical" to those raised in the 2017 suit,) granted summary judgment to CCA on statute of limitations grounds.

Under Nevada law, Espinosa's "discovery" of his injury determines when the injury occurred, and when the claims accrued, for statute of limitations purposes. *Massey v. Litton*, 669 P.2d 248, 251 (Nev. 1983) ("The discovery [of legal injury] may be either actual or presumptive, but it must be of both the fact of damage suffered and the realization that the cause was the health care provider's negligence."). Nevada's medical negligence statute of limitations is one year, Nev. Rev. Stat. § 41A.097(2) ("an action for injury or death against a provider of health care may not be commenced more than . . . 1 year after the plaintiff discovers or

2

through the use of reasonable diligence should have discovered the injury")[1] and its general statute of limitation for negligence is two years, Nev. Rev. Stat. § 11.190(4)(e). Even applying the two-year deadline, the last possible date for Espinoza to file a complaint was in September 2018, because Espinosa clearly knew of his injury before his counsel sent the letter of representation to CCA on September 30, 2016.[2]

On appeal, Espinosa argues that the statute of limitations was tolled. But no tolling doctrine is applicable here. Espinosa argues only that "equitable tolling should be applied to that period of time during which [he] was incarcerated" because his "incarceration constitutes an external circumstance beyond his control." All other tolling arguments are thus forfeited. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). But Espinosa did not argue to the district court that his incarceration tolled the limitations period, so that argument is also forfeited. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000)

---

[1] There is also a medical claims statute of repose of three years after "the date of injury[.]" *See* Nev. Rev. Stat. § 41A.097(2). The statute of repose is irrelevant here.

[2] As the district court noted, the September 30, 2016 letter states, among other things: "The law office of Mueller, Hinds and Associates has been retained to represent Michael Espinosa, an inmate housed at the Nevada Southern Detention Center. . . . Mr. Espinosa's injury healed improperly and now is medically classified as a permanent disability. . . . As a result, he is permanently deformed."

3

("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.").

Even were we to consider the merits of Espinosa's new tolling argument, we would affirm. To be entitled to equitable tolling, a plaintiff must have "exercised diligence in pursuing his or her claims," and "some extraordinary circumstance [must have] prevented the plaintiff from bringing a timely action." *Wilson v. Las Vegas Metro. Police Dep't*, 498 P.3d 1278, 1282 (Nev. 2021). Espinosa claims that his incarceration was an extraordinary circumstance because communication with counsel was not feasible. But the undisputed facts show both that communication with civil counsel was feasible and that it in fact occurred. Espinosa retained counsel while he was in prison; and that counsel sent a letter on September 30, 2016, and filed a complaint on December 4, 2017—all before Espinosa's release to home confinement in May 2018. And the fact that the 2017 action was dismissed for failure to serve the complaint demonstrates the opposite of diligence.

**AFFIRMED.**

Defendant-Appellee's motion to supplement the record, Dkt. 12, is **GRANTED.**