**Raymond Razo PEREZ, Plaintiff–Appellant,**

v.

**Jerry Allen SEEVERS, et al., Defendants–Appellees.**

No. 88–1510.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 26, 1989 *.

Memorandum Jan. 30, 1989.

Opinion March 8, 1989.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a) and 9th Cir.R. 34–4.

426

Raymond Razo Perez, Sun Valley, Nev., in pro per.

Thomas F. Riley, Chief Deputy Washoe County Dist. Atty., Reno, Nev., Neil H. Friedman and Richard C. Newark, Deputy Attys. Gen., DMV & Public Safety, Las Vegas, Nev., and Scott W. Doyle, Deputy Atty. Gen., Carson City, Nev., for defendants-appellees.

Before HUG, SCHROEDER and LEAVY, Circuit Judges.

PER CURIAM:

Raymond Razo Perez ("Perez") appeals pro se the district court's Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 action against Nevada State Trooper Jerry Seevers, Judge William Beemer, Judge Jerry Carr Whitehead, Judge Donald Pope, and prosecutor Michael Gregg. Perez contends that the district court erred in finding that his complaint was barred by the statute of limitations.

The Supreme Court held in *Wilson v. Garcia*, 471 U.S. 261, 279–80, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985), that the applicable state statute of limitations for section 1983 claims is the limitations period for personal injury claims. Recently, the Supreme Court in *Owens v. Okure*, —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) further refined the selection of the personal injury statute applicable to section 1983 cases. The Court provided that if there are multiple statutes of limitation for various types of personal injury

claims, the residual statute of limitations for personal injury actions is to be applied. If there is no residual statute of limitations for personal injury claims, then the general residual statute of limitations for all actions is applicable. The State of Nevada has two separate sections dealing with the statute of limitations for personal injury claims, as noted by the Supreme Court in its extensive listing of state statutes contained in footnote 8. *Id.* at ——, 109 S.Ct. at 576–78:

Nev.Rev.Stat. § 11.190(4)(c) (1987) (two years for libel, slander, assault, battery, false imprisonment, and seduction); § 11.190(4)(e) (two years for injuries to or [for the] death of a person caused by the wrongful act or neglect of another).

Both sections provide for a limitation period of two years. The language of section 11.190(4)(e) "wrongful act or neglect of another" encompasses all personal injuries whether intentional or negligent and, in effect, is the residual statute of limitations for personal injury actions. Section 11.190(4)(c) is more specific in identifying certain intentional torts, but this does not abridge the general all encompassing language of section 11.190(4)(e). That section, being the residual statute of limitations for personal injury actions is the statute of limitations applicable to section 1983 cases in Nevada. We need not look to the residual statute of limitations applicable to all actions, Nev.Rev.Stat. §§ 11.190–11.220.

Under the applicable Nevada statute of limitations, Perez had two years within which to commence his section 1983 claim. *See* Nev.Rev.Stat. § 11.190(4)(e). An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3. Here, the complaint was filed on May 22, 1987, which is more than two years after the last act allegedly caused by the defendants.

Appellees' request for fees and costs against Perez for bringing a frivolous appeal pursuant to 42 U.S.C. § 1988 and Fed.R.App.P. 38 is denied.

AFFIRMED.