17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Penn H. SMITH, Plaintiff-Appellant,
v.
STATE OF NEVADA HIGHWAY PATROL; William Yukish, Colonel;
Ken Meachum; Patrolman; A. White, Patrolman;
Robert H. Oakden, Patrolman, Defendants-Appellees.
 No. 93-16336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Penn H. Smith appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. Sec. 1983 action alleging assault, false arrest, and an unconstitutional search and seizure. The district court dismissed Smith's action because it determined that Nevada's two-year statute of limitations had run on Smith's action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 In his complaint, Smith alleged that his constitutional rights were violated when on February 19, 1991, as he was driving home from work, Defendant Meachum assaulted him, searched his car without probable cause, and subjected him to a false arrest.
 
 
 4
 The statute of limitations applicable to section 1983 actions in Nevada is two years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.), cert. denied, 493 U.S. 860 (1989). Smith did not file his complaint until May 13, 1993, over two months after the statute of limitations had run on his claims. Accordingly, the district court did not err by dismissing Smith's action as time barred.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Smith argues that the district court erred by dismissing his complaint because the statute of limitations on his malicious prosecution claim did not run until his action was final. Smith, however, did not allege malicious prosecution in his complaint. He raised this claim for the first time in a "Bill of Exceptions" after the district court had entered its judgment of dismissal