21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Edward PUETT, Plaintiff-Appellant,
v.
R.D. CARNES, Officer; Mr. Paul Acuna; Sgt. Mike Blandford;
Mr. Newton Sikes; Unknown Officers One Through
Five, et al., Defendants-Appellees.
 No. 93-17126.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Edward Puett appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights complaint against various public officials. The district court determined that Puett's complaint was frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A district court is authorized to dismiss an action brought in forma pauperis if the complaint is frivolous or malicious. 28 U.S.C. Sec. 1915(d). The district court's sua sponte dismissal of a complaint as frivolous is proper if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint may be dismissed as frivolous if a complete defense is obvious from the face of the pleadings or from the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir.1984).
 
 
 4
 Puett alleges that his civil rights were violated when several of the defendants searched his trailer without a warrant. He also alleges that the defendants illegally seized his trailer and car. However, these events allegedly occurred in 1987. The statute of limitations for 42 U.S.C. Sec. 1983 actions brought in Nevada is two years. Nev.Rev.Stat. Sec. 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.), cert. denied, 493 U.S. 860 (1989). Because it is clear from the face of the complaint that Puett's claim is time-barred, the district court properly dismissed this claim as frivolous. See Franklin, 745 F.2d at 1229-30 (action barred by statute of limitations properly dismissed as frivolous).[1]
 
 
 5
 Puett also claims that the defendants violated his equal protection rights by falsely telling his neighbors that he is a convicted child molester. He contends that the defendants caused him to lose his business and fear for his life. However, verbal harassment or abuse alone is not actionable under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Similarly, defamation which causes business or reputation losses is not actionable under section 1983. Buckey v. County of Los Angeles, 968 F.2d 791, 795 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). Because Puett's allegations do not rise to the level of constitutional violations, the district court did not abuse its discretion in dismissing this claim. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 325; McKeever, 932 F.2d at 798.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief to this Court, Puett appears to argue that the statute of limitations should not apply because he has been attempting to litigate this claim: "I have a right to re-file my complaint, as it has been in the courts for the last seven years and has not been dismissed with prejudice, I have a right to refile." It is not entirely clear that Puett's previous complaints were dismissed without prejudice. See Puett v. Blandford, No. 91-16940, unpublished memorandum disposition (9th Cir. Oct. 20, 1992). However, even if Puett's previous actions were dismissed without prejudice, Puett is not entitled to deduct the time that these actions were pending from the applicable statute of limitations. See Humphreys v. United States, 272 F.2d 411, 412 n. 1 (9th Cir.1959). Accordingly, this argument is unavailing