103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold Travis LYONS, Plaintiff-Appellant,
v.
Thomas STEFFEN; Nevada Supreme Court; Nevada Supreme Court
Justices, Defendants-Appellees.
 No. 96-15811.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 6, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Travis Lyons, a Nevada state prisoner, appeals pro se the district court's dismissal of Lyons' 42 U.S.C. § 1983 action against various justices of the Nevada Supreme Court alleging that the justices violated his civil rights by failing to recuse themselves from Lyons' criminal hearings in 1989 and 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lyons contends that the district court erred by dismissing his action as time-barred because the justices' bias against him is a continuing violation and because Lyons' delayed discovery of one of the justice's alleged bias tolled the statute of limitations. These contentions lack merit.
 
 
 4
 We review de novo a district court's dismissal of an action as barred by the statute of limitations. See Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1994).
 
 
 5
 Nevada's two-year residual statute of limitations for personal injury actions, Nev.Rev.Stat. § 11.190(4)(e), applies to Lyons' section 1983 claims. See Wilson v. Garcia, 471 U.S. 261, 280 (1985); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (per curiam), cert. denied, 493 U.S. 860 (1989). However, federal law determines when Lyon's cause of action accrues. See Cline v. Brusset, 661 F.2d 108, 110 (9th Cir.1981). "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id.
 
 
 6
 Because Lyons filed his complaint on May 12, 1995, for violations which accrued in 1989 and 1990, his action is time-barred. See Nev.Rev.Stat. § 11.190(4)(e); Perez, 869 F.2d at 426.
 
 
 7
 Lyons contends that the Nevada Supreme Court justices' bias against him is a continuing violation which restarts the statute of limitations. Specifically, Lyons contends that the justices would be biased in his appeal of his criminal conviction which was pending before the Nevada Supreme Court at the time he filed his complaint. Lyons' speculative claim that the justices would be biased in his pending appeal is insufficient to show a continuing violation. Cf. Airweld, Inc. v. Airco, Inc., 742 F.2d 1184, 1190 (9th Cir.1984) (stating that for a cause of action to reaccrue under the continuing violation doctrine, the plaintiff must show that the defendant committed acts which injured the plaintiff during the limitation period), cert. denied, 469 U.S. 1213 (1985).
 
 
 8
 Lyons contends that his claims against Nevada Supreme Court Justice Rose are tolled by his delayed discovery in 1994 that Rose had obtained a gaming license to operate slot machines. Lyons claims that because he is a reputed "slot cheater," Rose's interest in the gaming industry biased the majority opinion Rose authored upholding Lyons' drug-related criminal conviction. Assuming arguendo that the statute was tolled, Lyons' general allegations of Rose's bias and prejudice are too remote and insubstantial to establish a constitutional violation. See Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825-26 (1986). Rose's judicial ruling against Lyons in a drug crime, unrelated to the gaming industry, is insufficient to constitute a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994).
 
 
 9
 Accordingly, the district court did not err by dismissing Lyons' action as barred by the statute of limitations. See Washington 10 F.3d at 1428.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lyons' contention that the district court erred by denying his motion for injunctive relief and a declaratory judgment that the Nevada Supreme Court justices cannot sit as a fair and impartial tribunal in Lyons' appeal of his conviction must fail because Lyons has not shown "extraordinary circumstances" that the Nevada Supreme Court is incompetent by reason of bias. See Hirsh v. Justices of the Supreme Court, 67 F.3d 708, 713 (9th Cir.1995)