**Carol ROGERS, Plaintiff–Appellant,**

v.

**Edward BARKIN; et al., Defendants–Appellees.**

**No. 00–16025.**

**D.C. No. CV–99–01363–JBR.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Carol Rogers appeals from the district court's judgment dismissing her civil rights action, which alleged she was illegally evicted from her home. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(6), *see Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir.1998), and we affirm.

Rogers' contention that the district court erred by converting the motions to dismiss to motions for summary judgment without providing Rogers an opportunity to submit evidence lacks merit because a review of the record shows that the district court treated the motions as motions to dismiss.

To the extent Rogers contends the district court erred by misconstruing her 42 U.S.C. § 1981 claim to be based on an allegation of an illegal age restriction, her contention lacks merit because the section 1981 claim was properly dismissed on the alternative ground that it was barred by the statute of limitations. *See McDougal v. County of Imperial,* 942 F.2d 668, 673 (9th Cir.1991) (limitations period for section 1981 claims is that state's limitations period for personal injury claims); *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir.1989)

(Nevada's statute of limitations for personal injury claims is two years).

Rogers' contention that the applicable statute of limitations period for her 42 U.S.C. § 1985(3) claim is four years lacks merit because the applicable statute of limitations period is two years. *See McDougal,* 942 F.2d at 673 (limitations period for section 1985(3) claims is that state's limitations period for personal injury).

Rogers' contention that the statute of limitations for her claims was tolled because the violations were continuing lacks merit because the continuing ill effects from a violation are not sufficient to toll the statute of limitations. *See Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981).

Rogers' contention that she has a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, is without merit because she does not belong to a group protected from discrimination by the FHA. *See White v. Lee,* 227 F.3d 1214, 1229 (9th Cir.2000).

Because further amendment to Rogers' complaint would have been futile, the district court did not abuse its discretion by denying further leave to amend. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir.1996).

We decline to consider Rogers' contention that Nev.Rev.Stat. 116 is unconstitutional because it is raised for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Rogers' remaining contentions are without merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.