Robert TRETIAK, Plaintiff–Appellant,

v.

Frankie Sue Del PAPA; Edwin Apenbrink; Tracy Brierly; John E. Cunningham, Jr.; Susan Eckhart; Matthew S. Gabe; Dean Heller; Maurice Kamhi; Charles Moore; Nasd Regulation, Inc.; Grenville Pridham; Donald Reis; Sylvia Scott, Defendants–Appellees.

No. 00–17248.

D.C. No. CV–99–01571–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Robert Tretiak appeals[1] pro se the district court's dismissal with prejudice of his 42 U.S.C. §§ 1983 & 1985 action arising from two disciplinary proceedings brought against him, first, by the State of Nevada Securities Division and, second, by NASD Regulation, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not err when it dismissed Tretiak's claims arising from the state disciplinary proceedings in early 1997, the ALJ's decision or the adoption of that decision in mid–1997, and the state's issuance of a press release in June 1997. These claims were barred by the statute of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Appellant's motion to amend the notice of appeal is granted. This court can assume jurisdiction based on a prematurely filed notice of appeal when "subsequent events validate [the] prematurely filed appeal."

limitations because they accrued more than two years before Tretiak filed his complaint on November 5, 1999. Nev.Rev. Stat. § 11.190(4)(e)(2001); *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir.1989). The district court also properly dismissed Tretiak's claim based upon the draft proposed order because absolute immunity protects state agency officials who are performing functions comparable to either judges or prosecutors. *See Romano v.. Bible,* 169 F.3d 1182, 1186–88 (9th Cir.1999).

The district court correctly dismissed Tretiak's claims arising from any alleged injury to Retirement Financial Centers of America, Inc. or RFCA Financial Services, Inc. Neither corporation was named as a plaintiff. Tretiak cannot maintain a claim on behalf of a corporation, nor may he represent the corporations as a pro se plaintiff. *See Shell Petroleum v. Graves,* 709 F.2d 593, 594 (9th Cir.1983); *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).

■ Tretiak's claims against NASD Regulation, Inc. and Sylvia Scott, an NASD enforcement attorney, arising from the NASD disciplinary proceeding were properly dismissed. NASD Regulation, Inc., when acting under the authority delegated to it by the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78mm, is entitled to absolute immunity from money damages. *See Partnership Exch. Sec. Co. v. National Ass'n of Sec. Dealers, Inc.,* 169 F.3d 606, 608 (9th Cir.1999); *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.,* 159 F.3d 1209, 1214 (9th Cir. 1998).

*Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 681 (9th Cir.1980). We take "a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule." *Dannenberg v. Software Toolworks, Inc.,* 16 F.3d 1073, 1075 (9th Cir.1994). We therefore exercise jurisdiction over this appeal.

Finally, the district court properly dismissed Tretiak's claims against Maurice Kamhi, an employee of the California Department of Corporations, arising out of an 1998 investigation of RFCA Financial, Inc. The district court properly determined that Kamhi is entitled to qualified immunity because Tretiak failed to meet his burden of showing that Kamhi's conduct violated a clearly established right. *See Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir.1991).

AFFIRMED [2]

---

2. Appellees', Del Papa, Heller, Reis, Moore, Apenbrink, Gabe, Eckhart, Pridham, and Brierly's, motion to strike the supplemental materials submitted by Appellant is granted. Appellant's motion to file and oversized reply brief is granted.

