**Franklin D. VIPPERMAN,**
**Plaintiff—Appellant,**

v.

**Carlos CHONCHA; John Compston; Chuck Gates; Jeffrey Jeanquart; Nevada, Division of Parole and Probation, Defendants—Appellees.**

No. 03–15416.

D.C. No. CV–00–01355–RLH/RJJ.

United States Court of Appeals,
Ninth Circuit.

---

Submitted July 21, 2003.*

Decided July 25, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Franklin Vipperman appeals the district court's dismissal of his civil rights action filed against the Nevada Division of Parole & Probation ("NDOPP") and four individual defendants.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vipperman is currently on parole following a 1978 second-degree murder conviction. Vipperman's complaint asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 ("the civil rights statutes"), as well as 18 U.S.C. § 1961–1968 ("RICO").

Vipperman's claims against the NDOPP and his monetary claims against the individual defendants sued in their official capacities are barred by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 838 (9th Cir.1997) (addressing § 1983); N.R.S. 41.031, 213.1071—213.1073.[2]

As for the individual defendants sued in their individual capacities, Vipperman's first two sets of allegations challenge the NDOPP's parole decisions in 1981 and 1997. The civil rights statutes can provide Vipperman with no relief because the applicable statutes of limitation have expired.[3]

Vipperman's third set of allegations also fails to state a claim. Vipperman cannot use the civil rights statutes to challenge the NDOPP's failure to modify his life sentence after he served ten years of parole.[4] Vipperman's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success on the claim would necessarily imply the invalidity of Vipperman's current parole status.

Vipperman's fourth set of factual allegations claim that parole officials have relied on false information when evaluating Vipperman's parole status. Vipperman contends that any document suggesting that Vipperman is responsible for the 1973 murder supporting his conviction is "false."

Vipperman's attempt to expunge from his files any documents indicating his responsibility for the murder supporting his conviction or challenging the use of these

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The individual defendants are Carlos Choncha, John Compton, Chuck Gates, and Jeffrey Jeanquart.

2. *See also Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (addressing §§ 1985, 1986); *Bair v. Krug*, 853 F.2d 672, 673–74 (9th Cir.1988) (addressing RICO).

3. 42 U.S.C. § 1986 (providing for a one-year limit); *McDougal v. County of Imperial*, 942

F.2d 668, 673–74 (9th Cir.1991) (holding that actions under § 1985 "are governed by the same statute of limitations as actions under § 1983"); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (per curiam) (applying Nevada's two-year statute of limitations to a § 1983 claim).

4. N.R.S. 176.033 provides, in relevant part:

At any time after a prisoner has been released on parole and has served ... 10 consecutive years on parole in the case of a prisoner sentenced to life imprisonment, the state board of parole commissioners, upon the recommendation of the division, may petition the court of original jurisdiction requesting a modification of sentence.

documents is barred by *Heck. See Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1996). Vipperman's attempt to expunge information related to his 1997 parole violation hearing is barred by the relevant statutes of limitations. *See supra* at n. 2.

Vipperman also asserts a RICO theory against the individual defendants based on his four claims. None of Vipperman's claims can support relief under RICO, however, because Vipperman's alleged injuries do not involve "business or property," and his personal injuries are not compensable under RICO. *See* 18 U.S.C. § 1964(c); *Ove v. Gwinn,* 264 F.3d 817, 825 (9th Cir.2001).

We have reviewed Vipperman's other challenges to the district court's interlocutory decisions and find Vipperman's challenges to be without merit.

**AFFIRMED.**