**Jon STEVENSON, Plaintiff—Appellant,**

v.

**Don EVANS; Defendants—Appellees.**

No. 03–15929.
D.C. No. CV–03–00060–JCM.

United States Court of Appeals, Ninth Circuit.

·Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Jon Stevenson, pro se, Pahrump, NV, for Plaintiff–Appellant.

Thomas D. Dillard, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Osvaldo E. Fumo, Las Vegas, NV, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Jon Stevenson appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action against the Las Vegas Police Department, his criminal defense attorney, and various other defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), *see Ty-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ler v. Cisneros, 136 F.3d 603, 607 (9th Cir.1998), and we affirm.

The district court properly determined that Stevenson's section 1983 action was time-barred because he filed his complaint more than two years after the action accrued. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999) (holding that federal courts apply the forum state's personal injury statute of limitations for section 1983 claims); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (per curiam) (stating that Nevada's statute of limitations for personal injury claims is two years); Nev. Rev.Stat. § 11.190(4)(e) (2002).

Stevenson contends that the statute of limitations should be tolled on account of his numerous emotional breakdowns between 2001 and 2002, during which time he was hospitalized. This contention lacks merit because Stevenson failed to allege that he was mentally incapacitated when the action accrued. *See* Nev.Rev.Stat. § 11.190(4)(e) (2002); *see also* Nev.Rev. Stat. § 11.250 (2002) (stating that disability must exist at the time the action accrues).

Stevenson's vague and conclusory allegations fail to state a claim that Osvoldo Fumo, his criminal defense attorney, conspired with prosecutors to fraudulently conceal the two-year statute of limitations from him, thereby preventing him from filing a timely complaint. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

The district court did not abuse its discretion by denying Stevenson's motion for reconsideration because he failed to show that the district court's decision was clearly erroneous or manifestly unjust. *See School Dist. No. 1J, Multnomah County v.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**AFFIRMED.**