**John SHANNON, Plaintiff—Appellant,**

v.

**Mary BABB; et al., Defendants— Appellees.**

**No. 03–15739.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

John Shannon, Ely, NV, pro se.

Matthew L. Jensen, Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

John Shannon, a Nevada state prisoner, appeals pro se the district court's judgment for the defendants in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by, *inter alia,* withholding his personal property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.), *cert. denied,* 124 S.Ct. 50, 124 S.Ct. 50, 157 L.Ed.2d 23 (2003), and we affirm.

The district court properly dismissed as untimely Shannon's claim concerning unlawful withholding of his magazines because he filed his action more than two years after the claim accrued. *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999) (holding that federal courts apply the forum state's personal injury statute of limitations for section 1983 claims); *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir.1989) (per curiam) (stating that Nevada's statute of limitations for personal injury claims is two years) (*citing* Nev.Rev.Stat. § 11.190(4)(e)). Moreover, the district court correctly determined that the con-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tinuing violations doctrine was inapplicable because defendants' subsequent withholding of magazines was merely the continuing effect of their initial decision. *See Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir.2001) (stating that the "mere continuing *impact* from past violations is not actionable") (internal citations omitted).

The district court properly dismissed the remainder of the action because Shannon failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The district court did not abuse its discretion in denying Shannon's motion for appointment of counsel because Shannon did not demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Shannon's remaining contentions lack merit.

AFFIRMED.