RICHARDSON CONSTRUCTION, INC., Plaintiff—Appellant,

v.

CLARK COUNTY SCHOOL DISTRICT; Mikell Dale; Fred Smith, Defendants—Appellees.

Richardson Construction, Inc., a Nevada Corporation, Plaintiff—Appellee,

v.

Clark County School District; Mikell Dale; Charles McQuerry, Defendants—Appellants.

Nos. 04–17530, 05–15581.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed March 5, 2007.

Theodore Parker, III, Esq., Parker Nelson & Arin, Chtd., Las Vegas, NV, for Plaintiff–Appellee.

S. Scott Greenberg, Esq., C.W. Hoffman, Jr., Esq., Office of the General Counsel, Clark County School District, Las Vegas, NV, for Defendants–Appellants.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** *

Richardson Construction, Inc. ("Richardson") appeals the district court's dismissal of its Third Amended Complaint ("TAC") which primarily alleged, pursuant to 42 U.S.C. §§ 1983 and 1985, that the Clark County School District ("CCSD") violated its civil rights by, inter alia, refusing to allow Richardson to bid on any CCSD construction projects as long as Richardson was pursuing litigation against CCSD. Richardson is owned by an African–American male, and CCSD's actions were allegedly motivated in part by his race. CCSD cross-appeals the denial of its subsequent motion for attorneys' fees pursuant to 42 U.S.C. § 1988. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We do not reach the sufficiency of Richardson's allegations of standing, because dismissal was warranted on the basis of the statute of limitations—upon which we have received supplemental briefing. We may affirm the district court's dismissal of the complaint on any basis fairly supported in the record. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001).

"A statute of limitations under § 1983 ... begins to run when the cause of action accrues, which is when the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001). Despite CCSD's alleged continued expressions of its decision not to allow Richardson to bid on construction projects, TAC ¶¶ 17, 18, 23, 24, 27(d), (f), the "operative decision" prohibiting Richardson from submitting bids was made known to Richard-

son at the latest in early 2000. *See id.* ¶¶ 18 (referring explicitly to CCSD's "*continued* policy") (emphasis added), 27(b), (c). "[I]n determining when an act occurs for statute of limitations purposes, we look at when the 'operative decision' occurred, and separate from the operative decisions those inevitable consequences that are not separately actionable." *RK Ventures, Inc.*, 307 F.3d at 1058 (citation omitted). "As the Supreme Court [has] established," moreover, "the question is when the operative decision was made, not when the decision is carried out." *Id.* at 1059.

■ Accordingly, Richardson's §§ 1983 and 1985 claims are barred by their two-year statutes of limitations. *See Knox*, 260 F.3d at 1012; *Taylor v. Regents of the Univ.*, 993 F.2d 710, 711 (9th Cir.1993) (per curiam); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (per curiam); Nev. Rev.Stat. § 11.190(4)(c), (e). The continuing violation doctrine does not save Richardson's claims. "As the Supreme Court . . . clarified, the statute of limitations runs separately from each discrete act," as defined by the timing of the *operative decision. RK Ventures*, 307 F.3d at 1061; *see also Knox*, 260 F.3d at 1013–15.

■ Although a four-year statute of limitations applies under § 1981, *see Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060–61 (9th Cir.2004); 28 U.S.C. § 1658, these allegations were properly dismissed as well and we conclude, indeed, that Richardson abandoned them. *See* Richardson Supp. Br. at 1–10 (failing to mention § 1981 claim (which, in any event, was not brought as an independent cause of action in the TAC), in the context of the statute of limitations). Even if these claims had not been abandoned, Richardson alleged that CCSD, through Dale and the other named defendants, *beginning around 1989*

began holding it to a higher level of scrutiny than CCSD held companies that were not owned by African–Americans. TAC ¶¶ 11, 12; *see also id.* ¶¶ 13, 24. Since the "operative decision" to discriminate against Richardson allegedly occurred at some time closer to 1989, any § 1981 claim was also properly dismissed.

■ Because the statute of limitations issue was raised against each of Richardson's complaints and Richardson failed to cure it, the dismissal of the TAC with prejudice was likewise proper. *See, e.g., Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000) ("The district court's discretion [in granting or denying leave to amend] 'is particularly broad' when the plaintiff previously has been granted leave to amend.").

■ With respect to the district court's denial of CCSD's motion for attorneys' fees under 42 U.S.C. § 1988, CCSD fails to show that the allegations in the TAC were "frivolous, unreasonable, or without foundation," as the test requires. *See Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). CCSD contends that the suit was brought in bad faith, but nothing in the record indicates that the district court's denial of CCSD's motion for attorneys' fees constitutes an abuse of its discretion. *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990) ("Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances.").

Accordingly, the orders of the district court dismissing Richardson's TAC and denying attorneys' fees to CCSD are

**AFFIRMED.**