**Stewart HANDTE; et al., Plaintiffs—Appellants,**

v.

**David HOSMER; et al., Defendants—Appellees.**

No. 07–15881.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Nov. 14, 2008.

---

* The parties stipulated to submission of the case on the briefs. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey A. Dickerson, Esq., David R. Houston, Esq., Reno, NV, for Plaintiffs–Appellants.

David R. Grundy, Esq., Alice Campos Mercado, Esq., Lemons, Grundy & Eisenberg A Professional Corporation, Reno, NV, for Defendants–Appellees.

Before: HUG, ARCHER **, and CLIFTON, Circuit Judges.

### MEMORANDUM ***

Plaintiffs appeal the district court's order granting summary judgment in favor of all defendants. We affirm.

To prevail on a 42 U.S.C. § 1983 claim of First Amendment retaliation, a plaintiff must establish "(1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003).

■ Handte's off-duty reports of various instances of Kirkland's alleged mismanagement of the Nevada Highway Patrol (NHP) to the Governor and Attorney General's Office is protected speech. His statements are of public concern because they are relevant to evaluating the NHP's performance. *See Ulrich v. City & County of San Francisco,* 308 F.3d 968, 978 (9th Cir.2002).

■ Handte failed to point to specific evidence Defendants Jim Struemph, Jim Farmer, or David Hosmer took retaliatory adverse employment action within the applicable two-year statute of limitations period.[1] *See Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir.1989) (per curiam). Struemph telling Handte's representative that Handte was starting a war against Kirkland is not "reasonably likely to deter" speech and there was no proof given of retaliatory motive. *See, e.g., Coszalter,* 320 F.3d at 975–76. Farmer trying to have someone tell Handte to "cool it," is unlikely to deter protected speech. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 875 (9th Cir.1998) (concluding verbal threats and bad-mouthing alone did not meet the adverse employment action element). Handte offered no evidence that Hosmer ordering Handte to meet with Kirkland and concurring in a negative performance evaluation was motivated by his speech. Handte did not rebut Hosmer's proof he did not contribute to the publication of unfavorable newspaper articles.

Handte's sparse evidence regarding Kirkland's limited participation in the internal investigation of undisputed lunch ordinance violations and his negative remarks about Handte is insufficient to create a genuine issue of material fact as to the adverse employment action and motive

---

** The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court properly addressed statute of limitations concerns since the Defendants raised the issue and absent a defendant's waiver (not argued here), the district court may dismiss the case on timeliness grounds *sua sponte. See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 686–87 (9th Cir.1993).

elements.[2] *See, e.g., Nunez,* 147 F.3d at 874–75.

■ Handte offered no evidence from which a jury could infer that any of the Defendants acted with the requisite unity of purpose to uphold his conspiracy to retaliate claim. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir.1999).

■ Handte did not rebut the Defendants' evidence he received sufficient process prior to his resignation, which undermines his procedural due process claim. Handte was given the chance to return to work and have his internal investigations dismissed so he failed to show he lacked notice or the opportunity to respond to allegations of wrongdoing. *See Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 331–32 (9th Cir.1995). Even if the process afforded fell below the constitutionally required minimum, the Defendants are entitled to qualified immunity because they did not violate clearly established law. *See Dias v. Elique,* 436 F.3d 1125, 1132 (9th Cir.2006) (holding police officers' official termination did not "violate a clearly established due process right because [they] were offered, but declined to attend, an informal hearing prior to their final terminations in July 2002.").

■ Paszek's retaliation claim fails because his complaints of the excessive nature of the lunch investigation to a supervisor and in Dosen's disciplinary hearing were not on a matter of public concern. *See Connick v. Myers,* 461 U.S. 138, 146–47, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Paszek did not show his speech communicated a message of disapproval of unlawful retaliation. *Cf. Thomas v. City of Beaverton,* 379 F.3d 802, 809–11 (9th Cir.2004).

Challenging the precise punishment for an admitted violation of NHP policy is not "a subject of general interest and of value and concern to the public." *City of San Diego v. Roe,* 543 U.S. 77, 83–84, 125 S.Ct. 521, 160 L.Ed.2d 410 (2004). Paszek's speech instead addressed "the minutiae of workplace grievances," particularly since he never "attempt[ed] to reach the general public." *Havekost v. U.S. Dept. of Navy,* 925 F.2d 316, 319 (9th Cir.1991).

■ Dosen produced insufficient evidence the Defendants retaliated against him because of his union-related associations with Handte. For instance, Dosen did not demonstrate that the Defendants knew he (or the union board, for that matter) voted in favor of authorizing Handte's protected speech. Dosen admits he has no information his penalty for the lunch violations was related to his union association, characterizing himself as "collateral damage." *See Strahan v. Kirkland,* 287 F.3d 821, 825–26 (9th Cir.2002) (upholding summary judgment because the plaintiff did not give additional evidence, beyond mere knowledge of the association, to show adverse action was substantially motivated by the association).

■ McGrath's hearsay evidence that Captain Sandage said the canine unit was cancelled "in order to get her out" does not establish that any of the Defendants retaliated against her for her association with her father.[3] *Strahan,* 287 F.3d at 825. Kirkland in particular denies McGrath's father's articles influenced his treatment of McGrath and disclaims involvement in the audit or elimination of the canine program. Similarly, McGrath's Title VII retaliation claim fails because she has offered insufficient evidence the canine

2. Handte has not rebutted Kirkland's evidence he was not the source of the newspaper articles, as the district court pointed out, which supports summary judgment against

Handte for his sixth claim for relief based on reputational harm.

3. McGrath also lacks proof any of the Defendants were aware of her father's newspaper

unit was eliminated *because of* her previous EEOC filing. *See Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000).

 McGrath's EEOC complaint failed to exhaust her Title VII sex discrimination administrative remedies. *See B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1099 (9th Cir.2002). McGrath only marked the "retaliation" box as the basis of her complaint, and her discrimination description does not reveal the elimination of the canine unit "except for two male Handlers" was because of her gender. McGrath further testified that the current EEOC complaint "is based solely upon retaliation." *See Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir.2003) (finding a disability claim unexhausted because it relied on a different theory and statute than the other claims expressly presented).

**AFFIRMED.**

articles. McGrath alleges she was subjected to "internal investigations" in retaliation for her association, but provided no evidence of this.