**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH A. FRIEDMAN, | No. 11-15949 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01038-KJD-PAL |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Kenneth A. Friedman, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with the seizure of personal property.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We review for an abuse of discretion both the denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), and the denial of a request for recusal, *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007).  We affirm.

The district court properly dismissed Friedman's claims against the prosecuting attorneys as barred by absolute immunity.  *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) ("[P]rosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation as well as pre-litigation handling of a case."); *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 678-79 (9th Cir. 1984) (absolute immunity applied to prosecutor's decision whether to preserve or release evidence); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 346-49 (2009) (prosecutor entitled to absolute immunity for supervision, training, or information management where decision "requires knowledge of the law" and relates to prosecution of a particular case).

The district court properly dismissed the claims against the Las Vegas Metropolitan Police Department (LVMPD) because the alleged and proposed causes of action against the LVMPD accrued more than two years before Friedman filed this action.  *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (forum state's personal injury statute of limitations governs § 1983 claims,

which is two years in Nevada); *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980) (mere requests to reconsider a previous decision cannot be used to extend limitations period).

The district court did not abuse its discretion in denying leave to amend because the proposed amended complaint would not have cured the deficiencies. *See Chodos*, 292 F.3d at 1003.

The district court judge did not abuse his discretion in declining to recuse himself.  *See Sutcliffe*, 505 F.3d at 958 (explaining grounds for recusal).

Friedman's request in his supplemental brief for appointment of counsel is denied.

Friedman's remaining contentions are unpersuasive.

**AFFIRMED.**