**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER COTTON, | No. 10-16742 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00492-RLH-PAL |
| v. | |
| CITY OF LAS VEGAS; CLARK COUNTY TREASURER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Elmer Cotton appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action concerning the City's demolition of structures on his

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's summary judgment and statute of limitations determination. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We affirm.

The district court properly dismissed as untimely Cotton's claims concerning the City's alleged failure to provide proper notice regarding the demolition of structures on his property and the assessment of abatement fees because Cotton filed this action more than two years after his claims accrued. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (federal courts apply the forum state's personal injury statute of limitations for § 1983 claims); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (Nevada's statute of limitations for personal injury claims is two years) (citing Nev. Rev. Stat. § 11.190(4)(e)). Furthermore, Cotton failed to establish a basis for equitable tolling, *see* Nev. Rev. Stat. § 11.250 (Nevada's tolling statute), or equitable estoppel, *see Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998-99 (Nev. 1982) (listing elements of equitable estoppel).

The district court did not abuse its discretion by denying Cotton's motion to conduct discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial

prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Cotton's remaining contentions are unpersuasive.

**AFFIRMED.**