**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH L. MIZZONI, | No. 11-17443 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00186-ECR-WGC |
| v. | |
| E. K. McDANIEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Joseph L. Mizzoni, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to comply with

the court's order to file an amended complaint. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review the district court's dismissal under 28 U.S.C. § 1915A, rather than its later dismissal under Federal Rule of Civil Procedure 41(b), because Mizzoni notified the district court of his intent to stand on his complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

The district court improperly dismissed Mizzoni's due process claim as time barred because the statute of limitations was tolled during the inmate appeal process and, from the face of the complaint, Mizzoni may have filed within the limitations period. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (setting forth the applicable statute of limitations); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is inappropriate where tolling may apply but is not considered). Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**