**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD E. SEELY, | No. 12-15386 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00125-RCJ-RAM |
| v. | |
| JIM GIBBONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Nevada state prisoner Edward E. Seely appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging that defendants violated

his Eighth and Fourteenth Amendment rights, the Americans with Disabilities Act

("ADA"), and the Rehabilitation Act.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo both a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Seely's Eighth Amendment conditions-of-confinement claim because Seely failed to raise a genuine dispute of material fact as to whether the failure to provide him with a wall-mounted shower bench denied him the "minimal civilized measure of life's necessities."  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citations and internal quotation marks omitted); *see also Anderson v. County. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (indicating that lack of sanitation must be severe and prolonged to constitute an Eighth Amendment violation).

The district court properly granted summary judgment on Seely's Eighth Amendment deliberate indifference claim because Seely failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk of bed sores in connection with the lack of wall-mounted shower benches.  *See Toguchi*, 391 F.3d at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health).

The district court properly granted summary judgment on Seely's equal protection claim because Seely failed to raise a genuine dispute of material fact as

to whether defendants intentionally and without rational basis treated him differently from others similarly situated. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of "class of one" equal protection claim).

The district court properly granted summary judgment on Seely's ADA and Rehabilitation Act claims because Seely failed to raise a genuine dispute of material fact as to whether defendants discriminated against him because of his disability. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (elements of claims under Title II of the ADA and the Rehabilitation Act).

The district court properly dismissed Seely's allegations that defendants violated his rights because they denied or improperly handled his inmate grievances because Seely has no right to have his grievances processed or decided in a particular manner. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure.").

The district court properly dismissed claims against defendants that are state agencies or state officials acting in their official capacities because those claims are barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages claims against state officials

in their official capacity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies, including the department of prisons).

The district court properly dismissed as time-barred Seely's claim against defendant Crawford because Seely filed this action more than two years after any claim against Crawford accrued. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (federal courts apply the forum state's personal injury statute of limitations for § 1983 claims, which is two years in Nevada) (citing Nev. Rev. Stat. § 11.190(4)(c),(e)).

The district court properly dismissed Seely's claims against the supervisory defendants because Seely failed to allege facts demonstrating their personal involvement in any constitutional violation or a causal connection between their conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing supervisory liability under § 1983).

The district court properly dismissed defendant Clark and Sullivan Constructors, Inc., and Seely's claims unrelated to the lack of wall-mounted shower benches because Seely failed to exhaust his administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative

procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

The district court did not abuse its discretion by denying Seely's motion for reconsideration because Seely failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

**AFFIRMED.**