

# FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALCOLM L. GRAY, | No. 19-15492 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01651-RFB-GWF |
| v. | |
| DWIGHT NEVEN, Warden; TIMOTHY FILSON; NETHANJAH CHILDERS; ROBERT OWENS, Sgt; SHERYL FOSTER; JENNIFER NASH; BRUCE STROUD, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| GREG COX; E. K. MCDANIEL; MENTAL HEALTH PROVIDERS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 6, 2020[]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Malcolm Gray, a person incarcerated in a Nevada state prison, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First and Eighth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any basis supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm in part and vacate and remand in part.

1. The district court properly granted summary judgment on Gray's First Amendment mail claim against all defendants because his claim based on the May 2014 incident is barred by the statute of limitations, *see Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (statute of limitations for § 1983 claims in Nevada is two years), and because he failed to demonstrate individual liability with respect to each named defendant, *see Felarca v. Birgeneau*, 891 F.3d 809, 819–20 (9th Cir. 2018) (citations omitted) ("An official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sufficient causal connection exists 'between the supervisor's wrongful conduct and the constitutional violation.'").

2. The district court properly granted summary judgment on Gray's First Amendment retaliation claim against defendants Foster, Neven, and Nash. Gray did not dispute that he was placed into a dry cell after a prolonged kiss occurred between himself and a visitor, and he failed to present evidence sufficient to create a genuine dispute of material fact that he was placed in the dry cell as an act of retaliation. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (holding that "mere speculation that defendants acted out of retaliation [was] not sufficient" to defeat summary judgment).

3. The district court erred in granting summary judgment on Gray's First Amendment retaliation claim against defendant Childers. Gray set forth sufficient facts in his verified complaint and affidavit, read in the light most favorable to Gray, to create a genuine dispute of material fact as to whether Childers made a statement from which a jury could reasonably infer retaliation for exercising his right to file grievances. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (concluding that plaintiff's verified complaint constituted an opposing affidavit where it cited two specific instances where correctional staff members made statements from which a jury could reasonably infer a retaliatory motive for

plaintiff's subsequent transfer); *see also Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (listing elements of a First Amendment retaliation claim). Gray also averred that this threat chilled his willingness to file grievances. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("[T]he mere *threat* of harm can be an adverse action." (citation omitted)); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) ("[A] chilling effect on a prisoner's First Amendment right to file prison grievances is sufficient to raise a retaliation claim."). Therefore, we vacate the grant of summary judgment to defendant Childers on Gray's First Amendment retaliation claim and remand for further proceedings.

4. The district court properly granted summary judgment on Gray's Eighth Amendment claim against all defendants because Gray failed to raise a genuine dispute of material fact as to whether the defendants knowingly disregarded an excessive risk to his health during the contraband watch. Gray alleges that he was placed in the dry cell for three days, during which time he was only permitted to wear underwear; that the dry cell was "frigid" and that he was shivering and unable to sleep; that he was dehydrated, as evidenced by dark urine; that his urine bucket was emptied only once a day; and that he was not permitted to clean his hands after using the bathroom, which resulted in vomiting and night sweats. The Supreme Court has stated that certain combinations of conditions, such as "a low cell

4

temperature at night combined with a failure to issue blankets," may establish Eighth Amendment violations, *see Wilson v. Seiter*, 501 U.S. 294, 304 (1991); however, Gray did not allege or aver that he complained about, or that defendants were otherwise aware of, the cold temperatures in his cell or his resulting inability to sleep. Thus, he cannot make out an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health[.]"). We affirm the grant of summary judgment to defendants.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

5